Council, you may proceed. Good morning, Your Honors. May it please the Court. Martin Avila-Robles for the petitioner, Angraj Singh. I just want to let the Court know the petitioner has been in custody for nearly four years, so we hope for a prompt resolution in his favor. Just to back up, let me go over some of the brief facts, which I think are important, because the facts, I think, place us within the line of a recent decision from this Court, which Judge Clifton was on the panel of. The petitioner entered in May 31, 1992 and immediately sought asylum. He filed with the agency. They paroled him in. They allowed his application for asylum to go forward with the asylum office, and the asylum office eventually denied it and referred it over to the immigration judge. The petitioner fled the Punjab in India because he alleged that his cousin and uncle had been killed, and the police were searching for him as well. His first hearing was on September 1, 1994, after he was referred for proceedings. At that hearing, the former attorney admitted and conceded the charges of deportability and set the case over for an individual hearing for April 1, 1996. Between that time, the petitioner submitted substantial documentation in support of his claim. At the hearing on April 1, 1996, the petitioner did testify, completed all the direct examination, and although that's not a part of the record, the IJ's decision does describe what happened at the hearing, specifically that he completed direct examination, then the judge set the case over, but told the parties that he would be issuing notice of the hearing. He did subsequently issue a notice of the hearing, and the hearing was set for September 1, 1996. The petitioner did not appear. His former attorney did. The former attorney told the IJ on the record, I sent him two letters on April, excuse me, I sent him two letters on April 11, and I sent him another letter on August 5, and I also tried to call him twice. I don't know where he is, and so the IJ proceeded in absentia. Eight years later, the petitioner was arrested in September 2004, and then promptly thereafter filed the motion to reopen. As the IJ notes, there's not an affidavit or declaration from the petitioner in the motion to reopen. The only real evidence that's in the motion is a declaration from the former attorney that simply says, I asked the former attorney for the file. He gave me the file. And there's no letters in there to him. There's no indication that he provided notice to the petitioner. And that's basically it. It's not much evidence. You're absolutely right, Your Honor. And our position is, I mean, on page two of the IJ's decision, which is in page 46 of the record, the judge says there is no affidavit of the respondent to counter Mr. Thiessen's case in November 1996. That's a true statement, but it has false implications. It's true that there's no affidavit, but it's not true that there's nothing in there that counters the representation. The IJ simply ignores the declaration from the former attorney. So that doesn't really amount to anything, though. All it says is, gee, I looked at the file and didn't see something in there. Period. That's hardly compelling proof that requires a finding that the attorney did not make any effort to give notice. Well, I think it's important. I mean, that is an excellent point, because this is a case, this is an exclusion case. And an exclusion, I don't have, we don't have to prove that there are exceptional circumstances justifying his failure to appear. We merely have to provide some evidence that the alien had a reasonable cause for his failure to appear. The IJ, by ignoring that evidence, didn't really weigh whether or not that was a reasonable, whether or not the... I don't understand how that's evidence of failure to appear. If it doesn't demonstrate that the attorney did not give notice, then it's not evidence of anything. And in this case, if your client doesn't do anything for eight years, did he really believe that the court had forgotten about it and that the attorney had forgotten about it and nobody was looking for him, and eight years later he was arrested and suddenly then it occurs to him there's a proceeding against him? It's a little hard to imagine. Well, I mean, that's a good point, Your Honor, except that the IJ didn't use that as a basis. That would be a basis for the IJ to say, from a discretionary standpoint, you waited eight years so you could have an opinion on that basis, but he didn't. The IJ instead simply said there's nothing in here that counters his representations. I'm going to ignore the declaration from the former attorney. Remember, there's no question that there's adequate service because there's no dispute that the attorney was served. That is correct. The question is separate and apart from that whether the applicant, the current Petitioner, can justify his personal failure to appeal because he didn't, to appear because he didn't know. And that's something he's going to have to overcome because there's no question but that service was adequate. And it's kind of hard to overcome that with a declaration that simply says, I looked at the file and there's nothing there, period, end of story. It would have been so simple for Petitioner to himself submit a declaration saying, I was never told. I didn't know. And it would be kind of helpful if he'd follow it up to explain what he had done to inquire because after a certain period of time you've got to suspect that something's amiss. There's nothing like that. So I'm not sure that there's anything that the IJ could be expected to speak to in this record. Well, I mean, I mean, as far as the actual makeup of the motion, I mean, I think this is, I mean, a controversial figure in our time who once said you go to battle with the army you have, not the army you want. I don't fault you. You've got the hand that you're dealt. I'm saying that if somebody sits around for eight years and, gee, nobody's called me, I guess I'm home free, you're kind of taking your chances with that position. If after the eight years you get arrested and apparently it's in custody, it's not like he doesn't have time to prepare a declaration. We don't have anything even now as to what's gone on. Well, I mean, but I mean, there are a couple of things that in a recent decision that Your Honor was on the panel of Simbery v. Gonzalez, the Court pointed to a number of factors that suggested, I mean, this Petitioner had every motive to appear. I mean, it's not as if he had completed all of his testimony and the case looked horrible and the IJ was simply going to render a decision. I mean, he still had not completed testifying. He had an application pending. He's the one that filed the application immediately upon entering the United States. He had appeared at two previous hearings. Why would he simply avoid going to the other one? He may have moved to Canada. And didn't he send a letter from Canada? There was a letter from Canada, Your Honor, and the judge mentions it. And it is a part of the record. I don't know what to make of it. I mean, the judge refers to it in passing. He doesn't really indicate what he thinks of it. So I don't really know what to make of it either. The problem, I think, here is that the record is so barren. Your client has declined to do anything to explain the story, so we're left reading tea leaves. And the tea leaves don't line up in a real favorable way. And so I understand your position. The IJ may not have spoken to it, but there wasn't much put in front of the IJ that required him to speak, was there? That's true, Your Honor. But, I mean, it is some evidence. I mean, it's – and that's all we're required to do by the regulations, provide evidence. I mean, the IJ could have simply said, well, I know this former attorney. I don't believe a word he's saying, so I'm going to dismiss this. He could have said, this is no different than statements in a motion. I don't think that they constitute evidence. But it is some evidence. And the IJ abuses his discretion when he ignores the evidence. Well, if it's an abuse of discretion, it's got to be more than wrong. It's got to be so wrong that it violates some law. And given what we have in this record, I don't see why it is that wrong. I guess I'm trying to figure it out. If the guy, if your client would have simply supplied an affidavit upon which to say where he was, why he didn't get it, what he was doing, what the situation is, at least give us an inkling about what to do. He said nothing. One affidavit, a second attorney. There's nothing in the file that says notice was sent. There's nothing in the file that says it wasn't sent either. So what have I got? Well, that's true, Your Honor, except I would point out that it's a much lower standard, a much lower evidentiary burden because it's reasonable cause. I mean, two of the precedent decisions from the board, which I'll provide in a 28-J letter, are cases that were published that said the alien provided no explanation at all, no evidence at all. I mean, we have some evidence. It may not be much, but, I mean, the I.J. Shirley should have at least said something about it. I mean, why ignore it? You argue that it's some. My worry is there's nothing at all either because the attorney doesn't say anything. There's nothing in the file that says notice was sent, but I can just read there's nothing that said it wasn't either. That's true, Your Honor. Any other issues you want to talk about? Yeah, I was going to ask you. We've got a minute and 30 to go. I'll reserve the remainder of my time, Your Honor. I'd like to hear about your ineffective assistance of counsel. Well, Your Honor, I mean, we concede that we did not establish ineffective assistance of counsel. I mean, we concede that. Our position is that we don't have to because on the matter of Brijalva said IAC constitutes exceptional circumstances. We have to prove reasonable cause, so I think we can meet our burden with substantially less, which, unfortunately, we do have substantially less. Why wasn't it raised in the motion to reopen then? I'm not really sure, Your Honor. I don't know the answer to that. That makes it a little tough on us, doesn't it? Well, except that I'm conceding that we didn't establish ineffective assistance, Your Honor. All right. Thank you, Your Honor. May it please the Court. Ada Bosk on behalf of the Attorney General. The Board's denial of Singh's motion to reopen is not arbitrary or capricious. He filed his motion to reopen, as the Court has already indicated, 8 years after the fact. And did not provide evidence that showed why he failed to appear. And I guess let's start back with, under the statute, under 1229A2A, notice to Singh's counsel is sufficient. I'm glad that they're not disputing that anymore. And under this Court's precedent as well. And as the Court has already indicated, here there is direct evidence that counsel received such notice. And therefore, he, as he failed, as he himself appeared, although Singh did not. Counsel here has argued that all they had to do was present some evidence. Because there is direct evidence that service was proper, sure, they have to provide some evidence, but they have to rebut the presumption that, not even a presumption at this point, but they have to rebut the evidence, the direct evidence that notice was sufficient. And they, as the Court has sort of hinted at already, they did not. Singh's argument here that the immigration judge ignored the affidavit from Singh's second attorney is belied by the record. I mean, the reason, if the Court looks at the immigration judge's decision, what he does is he or, yes, what he does is reference Singh's failure to establish or to meet the requirements for establishing ineffective assistance of counsel, which is the inference that the immigration judge drew from the affidavit that Singh's counsel provided, suggesting that there was indicating that he had looked at the record 8 years later and didn't see evidence that the hearing notice was forwarded to Singh. What the immigration judge did was look at the representations of an officer in a court. And he, Singh's first counsel, indicated that he had made numerous efforts to contact Singh. There was a letter from Singh shortly after the hearing date that indicates he seemed to be aware of the hearing date, but had left, allegedly had left the country. And then you have an affidavit 8 years later, not from Singh himself, but from Singh's counsel, indicating that he had looked at the record and didn't see any direct evidence that the hearing notice had been forwarded. The immigration judge's decision here is not arbitrary or capricious. It explains the basis for his decision, and that decision is completely consistent with both the failure to really allege ineffective assistance of counsel, which they're now conceding, and the absence of evidence to rebut the presumption that was established by counsel's appearance, which showed that the notice that was in fact received and was proper under the statute in this Court's precedent. I'm not sure whether I should address Singh's other contention about the order to show cause, since he didn't really address that in his opening argument. I will say that our position is that he also failed to exhaust that. The version of Singh's challenge to the sufficiency of the order to show cause that he is presenting to this Court is different than what he presented to the immigration judge and what he presented to the board. And therefore, he failed to exhaust those administrative remedies, and this Court is barred under the language of the plain language of the statute and this Court's own precedent from considering that. So unless the Court has any questions, I ask. Just one matter briefly. You agree, I take it, that we are limited to the grounds identified by the agency, by the I.J., and in this case, the BIA, in affirming what the I.J. ruled. And I'll make the observation, one of the difficult things there is that the failure of the I.J. to comment upon the one thing that was put in front of him to favor Petitioner's position. What do we do about that? Well, Your Honor, I guess there are two responses to that. One is, the Court has never held that the immigration judge has to speak to each individual piece of evidence that is put in front of him. But here, we believe that the immigration judge did. What he did was he said there is no claim that the assistance of counsel in 1996 was ineffective. And that addresses the affidavit that was provided by Singh's counsel that said he didn't see anything in his files that showed that the notice had been forwarded. What Singh is really the way the immigration judge read that was Singh's counsel failed and therefore provided ineffective assistance of counsel by forwarding the notice. And what the immigration judge found was that that blanket assertion, that bare-bones assertion was not sufficient under a board precedent or even this Court's precedent to show ineffective assistance of counsel. And since Singh himself never responded to the representations of Singh's first attorney before the immigration court, all the immigration judge had were the representations of counsel that he had sent numerous notices to Singh, both written and oral, and the note that he received from Singh after the fact indicating he had left the country. I mean, that was the evidence that was before the immigration judge, and that's not sufficient to rebut the presumption. For those reasons and the reasons set forth in our brief, we ask that the Court deny the petition for review. Roberts. You know, just a couple of things. This Court said in Simbering v. Gonzales, and it reiterated what the Court said in Salta v. INS, that this, that the inquiry contemplated by Salta regarding whether or not the service was proper and the alien overcomes the presumption is that there are many types of evidence that are relevant and the Court should consider all of them. In Arieta, the Court said the Gehalva presumption requires the IG and the BIA to support the defense of non-delivery or improper delivery. In another case, cited favorably in the case of Singh v. Gonzales, there is no doubt that the attorney received service, that he showed up. So the question, and there's not a claim, as you've acknowledged, of ineffective assistance of counsel. So you've got to hit the sweet spot in between that there was justification for your client not to appear. And as to that, I mean, is there an obligation for the Court to do anything more, or the immigration court to do anything more than it did? I think, I mean, I think there is an obligation for the IG to address whatever little evidence we have, whatever circumstantial evidence. I'm out of time, Your Honor, so. All right, we thank you. We thank both counsel for the argument. The case just argued is submitted.
judges: Clifton, N. R. Smith, Sandoval